

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 27, 2021

**BY ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Dave Minter*, 20 Cr. 389 (JGK)

Dear Judge Koeltl:

*[Handwritten order:  1. The Government's submission is adjourned to 9/10/21.  2. The defendant may respond by 9/22/21.  3. Sentencing adjourned to 10/12/21 at 11:00 AM. So ordered. JGK/ USDJ 7/27/21]*

The Government respectfully requests that the Court adjourn the August 11 sentencing in this case and the Government's July 28 sentencing submission deadline by 60 days. The defendant objects to the adjournment.

As the Court is aware, the applicable statutory maximums and minimums turn on whether the defendant's 2014 conviction for criminal sale of a controlled substance under New York Penal Law § 220.39 is a "serious drug offense" that—along with the defendant's two prior robbery convictions—subjects the defendant to a 15-year mandatory minimum term of imprisonment under the Armed Career Criminal Act ("ACCA").

Defendants in this District have recently begun contesting whether similar convictions qualify as serious drug offenses under ACCA or, similarly, "controlled substance offenses" under U.S.S.G. § 2K2.1. *See, e.g., United States v. Baez-Medina*, No. 20-CR-24 (S.D.N.Y. July 1, 2021) (Koeltl, J.); *United States v. Ferrer*, No. 20-CR-650 (S.D.N.Y. July 21, 2021) (Buchwald, J.). The Government understands that this Court recently decided in *Baez-Medina* that a similar prior conviction was <u>not</u> a controlled substance offense after substantial briefing by both parties. However, given how recently this legal issue has arisen and its potentially wide-ranging impact, the Government requests additional time to further develop its arguments as to why the defendant's conviction is an ACCA predicate. The Government is currently discussing potential affidavits with city and state officials, and the Government's sentencing submission may include such affidavits. An adjournment will thus allow the Court to address this significant legal issue with the benefit of fuller briefing.

      The Government further notes that the defendant has requested a sentence of 57 months' imprisonment. Dkt. 59 at 10. Because the defendant was arrested on or about July 13, 2020, there is no realistic possibility that he will be sentenced to time served, and he will therefore not be substantially prejudiced by a 60-day adjournment.

                            Respectfully submitted,

                            AUDREY STRAUSS
                            United States Attorney

                    by: _/s/ Kevin Mead_
                          Kevin Mead
                          Assistant United States Attorney
                          (212) 637-2211

cc:    Derek A. Cohen, Esq. (ECF)